# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

In Re:

JOSHUA B. CRIDDLE and
ROCHELLE CRIDDLE,


Debtors.

Bankruptcy Case
No. 07-40161-JDP

_____

R. SAM HOPKINS, TRUSTEE,


Plaintiff,

vs.

DEVRY UNIVERSITY, INC.;
BRIAN SCOTT; CHRIS
SMITH; ING INSTITUTIONAL
PLAN SERVICES, LLC;
JOSHUA B. CRIDDLE and
ROCHELLE CRIDDLE,


Defendants.

Adversary No. 09-8018

_____

# MEMORANDUM OF DECISION

_____

MEMORANDUM OF DECISION - 1

## Introduction

On March 16, 2009, chapter 7[1] trustee, R. Sam Hopkins ("Trustee"),

initiated this adversary proceeding asserting a variety of different claims,

several of which appear to have no legal or factual nexus to the others,

against the various defendants named above.  When no answers to his

complaint were filed by several of the defendants, Trustee filed motions

for entry of default judgments.  However, in reviewing Trustee's motions,

the Court had concerns.  To address those concerns, at a recent pretrial

conference, Trustee was directed to either file a brief supporting why the

claims against Defendants DeVry University, Inc. ("DeVry") and ING

Institutional Plan Services, LLC ("ING") had been joined in this action

with the claims made against the other defendants, or in the alternative, to

move to sever the claims against the parties where appropriate.  Docket

No. 25.  Trustee elected the former option, and filed a brief in which he

---

[1] Unless otherwise indicated, all statutory references including those to
chapters or sections are to the Bankruptcy Code, Title 11, U.S. Code §§ 101 - 1532.
The Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037, are referred to as
Rules.  The Federal Rules of Civil Procedure are referred to as Civil Rules.

MEMORANDUM OF DECISION - 2

argued that joinder of the parties was proper under Rule 7020.  Docket No.

26.  The Court respectfully disagrees.  Trustee's motions for default

judgments against DeVry and ING will be denied, and Trustee's claims

against DeVry and ING will be ordered severed.

## Facts

Trustee's Complaint states five distinct claims for relief against the

defendants.  The first three counts request relief as against Defendants

Brian Scott ("Scott") and Chris Smith ("Smith").  The last two counts seek

relief as against DeVry and ING and, as near as the Court can tell from

reading Trustee's Complaint, against chapter 7 Debtors Joshua and

Rochelle Criddle ("Debtors").

In Count I, Trustee alleges that Debtors were listed as the owners on

the certificates of title to three motorcycles, which motorcycles are alleged

to be in the possession of Scott and Smith.  Trustee asserts that the

motorcycles are property of the bankruptcy estate and should be turned

over to him pursuant to § 542 to liquidate in the chapter 7 case.  In Count

II, Trustee alleges that he may avoid any ownership or lien interests which

MEMORANDUM OF DECISION - 3

Scott and Smith may assert in those motorcycles under § 544(a)(1) and (2).

And in Count III, Trustee alleges that title to the motorcycles were

transferred to Smith and Scott after Debtors filed their bankruptcy petition,

rendering such transfers avoidable under § 549.

In Count IV, Trustee alleges that Debtors made certain preferential

payments on antecedent debts to DeVry and ING, which he may avoid

and recover pursuant to § 547 and § 550.  In Count V, apparently as an

alternative to the preference claim against ING, Trustee alleges that

Debtors and ING are in possession of avoidable fraudulent transfers,

which transfers Trustee can avoid under § 548.[2]

Debtors were the only party to answer the Complaint.  *See* Debtor's

Answer to Complaint, Docket No. 7.  In two separate motions, Trustee

seeks entry of default judgments against the other defendants.  *See* Docket

---

[2] In his brief, Trustee indicated that he may need to amend his complaint
to add an additional count against Debtors for a fraudulent transfer to DeVry of
the same monies identified in Count IV.  *See* Trustee's Memorandum in Support
of Permissive Joinder, Docket No. 26 at 3.  At this point, the Court will not
speculate about the validity of Trustee's legal theory that a debtor, as compared
to the transferee, is also liable to a trustee in bankruptcy for property
fraudulently transferred.

MEMORANDUM OF DECISION - 4

Nos. 10, 19.

## Discussion

Whether a plaintiff may "join" several parties as defendants in one

action is governed by Civil Rule 20, which is made applicable in

bankruptcy adversary proceedings by Rule 7020.  That rule identifies two

distinct requirements which must be satisfied before joinder should be

permitted:

> Persons . . . may be joined in one action as
> defendants if:
>
> > (A) any right to relief is asserted against
> > them jointly, severally, or in the alternative
> > with respect to or arising out of the same
> > transaction, occurrence, or series of
> > transactions or occurrences; and
>
> > (B) any question of law or fact common to
> > all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  "The purpose of the rule is to promote trial

convenience and expedite the final determination of disputes, thereby

preventing multiple lawsuits."  *Mosley v. General Motors Corp.*, 497 F.2d

1330, 1332 (8th Cir. 1974) (citing 7 C. Wright, Federal Practice and

MEMORANDUM OF DECISION - 5

Procedure § 1652 at 265 (1972)).  However, while convenience and

expediency may be desirable, permissive joinder is not applicable in all

cases; both prongs of the rule must be satisfied.  *Id.*  And where joinder of

parties is improper, Civil Rule 21, applicable in bankruptcy adversary

proceedings via Rule 7021, provides:

> Misjoinder of parties is not a ground for
> dismissing an action.  On motion or on its own,
> the court may at any time, on just terms, add or
> drop a party.  The court may also sever any claim
> against a party.

Fed. R. Civ. P. 21.

Trustee's Complaint and brief fail to show how both prongs of Civil

Rule 20(a)(2) are satisfied in this case.  Simply put, it does not appear that

Trustee's claims against DeVry, ING and Debtors arose out of the same

transaction as his claims against Scott and Smith, nor that there are any

common questions of law or fact implicated by the various claims.

Trustee's argument in his brief with respect to the first joinder

element consists of a single paragraph, stating:

> The trustee has asserted as an alternative to

MEMORANDUM OF DECISION - 6

> that preference claim against ING that the
> debtors are liable [sic] the transfer of the same
> monies transferred to ING.  The transfer of the
> $2392.18 from the debtors to ING arise [sic] out of
> the same transaction and occurrence.

Trustee's Memorandum in Support of Joinder, Docket No. 26 at 2-3.

Assuming Trustee is correct, while there may be some link between

Trustee's claims against Debtors and ING, Trustee does not explain how

the transfer Debtors made to ING has any relationship to the transactions

concerning the motorcycles, or to Scott and Smith, who are the targets of

Counts I, II, and III.

There is also nothing to show why Trustee's claims against DeVry

and ING should be joined in the same action.  The complaint alleges that

these defendants received different payments from Debtors.  Although

both alleged preferences occurred within ninety days prior to Debtors'

bankruptcy filing, Trustee's claims did not arise out of the same

transaction or occurrence.

With regard to the second element of the joinder analysis, Trustee

contends that similar questions of law or fact will be raised in adjudicating

MEMORANDUM OF DECISION - 7

his claims.  In particular, Trustee focuses on Debtors' alleged insolvency at

and around the time they filed their bankruptcy petition as an example of

a common question of fact or law.  Trustee points out that Debtors and

Trustee will both likely be required to testify at trial concerning claims that

are largely the same.  After noting that Civil Rule 20 is to be liberally

construed, Trustee explains that permitting joinder in this instance would

obviate the need for Debtors and Trustee to appear at three separate trials

to testify about essentially the same facts and documents.  *See* Trustee's

Memorandum in Support of Permissive Joinder, Docket No. 26 at 4.

Based upon the allegations of the Complaint,[3] it would appear that

---

[3] Trustee's bare-bones complaint offers precious little insight into the
relevant facts giving rise to his claims.  For the most part, the allegations are
merely legal conclusions.  Recently, the Supreme Court clarified the minimum
pleading standard for federal complaints established in Civil Rule 8(a)(2) by
noting that while "detailed factual allegations" are not required, an unadorned,
"the defendant-unlawfully-harmed-me" accusation in a complaint is not
adequate.  *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).  In other words, a complaint which
merely sets forth "naked assertion[s]" devoid of "further factual enhancement" is
insufficient.  *Id.*  None of the defaulting defendants have challenged the
adequacy of the complaint.  Even so, Trustee should take heed of the Supreme
Court's instructions regarding the quantity and quality of factual allegations
necessary for a viable complaint.

MEMORANDUM OF DECISION - 8

Debtors' insolvency is a potential issue only as to Trustee's claims against

ING and Debtors for the alleged fraudulent conveyance under count V;

Debtors' insolvency will have no bearing on Trustee's claims against the

other defendants.

In count IV, Trustee asserts preference claims against both DeVry

and ING based upon Trustee's avoiding power under § 547.  But, while

Trustee relies upon the same statute as the basis for his claims against

these two defendants, this does not amount to a common "question of

law" and no common questions of fact apparently exists as between the

two preference defendants.

And, of course, Trustee's argument does not respond to the Court's

concern about why Trustee's claims against Scott and Smith are joined

with his claims against DeVry, ING and Debtors.  To be sure, Civil Rule 20

does not require that *all* questions of law or fact be common between all

defendants, only that *a* question of law of fact be common among them.

But in this case, the Trustee's brief and the Complaint offer little to aid the

Court in determining whether some factual or legal commonality is at least

MEMORANDUM OF DECISION - 9

conceivable.

In short, Trustee has not shown how his right to relief with respect to all defendants arose out of the same transaction or occurrence, nor that there are any common issues of fact or law involved in his various claims. Because both requirements of the rule are not satisfied, joinder is not proper. *See Citibank (South Dakota) v. Conners (In re Conners)*, 125 B.R. 611, 614 (Bankr. S.D. Cal. 1991) (concluding that joinder was not proper when multiple plaintiffs attempted to join their independent claims against a single debtor in one adversary proceeding).

## Conclusion

In the exercise of the discretion granted by Rule 7021 and Civil Rule 21, the Court concludes that separate adversary proceedings against the defendants are required in this instance.  To accomplish that end, Trustee's claim against DeVry, and Trustee's claims against ING and Debtors, will be severed from this adversary proceeding and two new adversary proceedings will be opened by the Clerk.  In other words, the instant adversary proceeding will continue only against Smith and Scott.  A

MEMORANDUM OF DECISION - 10

second adversary proceeding will be opened as to Trustee's claims against

DeVry. And finally, a third adversary proceeding will be opened

regarding Trustee's claims against ING and Debtors.

Trustee's motions for entry of default judgments against DeVry and

ING in this action will be denied without prejudice. Trustee may move for

entry of default judgment against DeVry and ING in the new adversary

proceedings. Trustee's motion for default judgments against Smith and

Scott on his claims concerning the motorcycles in this action will be

granted. The trial previously scheduled in this action concerning Trustee's

claims against Debtors shall be vacated, and a new trial date established

and pretrial order entered after severance of the actions.

A separate order will be entered.

Dated: August 14, 2009

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11